Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONALD BURDICK, et al.,

Plaintiffs,

vs.

ENRIQUE F. VILLALBA, et al.,

Defendants.

CAUSE NO.: CV09-1532 RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on Plaintiffs' motion for entry of a default judgment (Dkt. # 20). The court has reviewed the Plaintiffs' motion and supporting evidence, and the balance of the record. The court GRANTS the Plaintiffs' motion (Dkt. # 20).

## II. BACKGROUND & ANALYSIS

The Plaintiffs previously invested sums of money with the Defendant Enrique Villalba and other Defendant entities controlled by Mr. Villalba, and much of that money has since disappeared. Mr. Villalba has not been in contact with the Plaintiffs since September 2009, and the Plaintiffs filed this lawsuit alleging claims under, *inter alia*, the Securities Exchange Act of 1934 and the Washington Securities Act. The Plaintiffs have obtained an order of default against all Defendants, and now seek a default judgment.

Under both the Washington Securities Act and the Securities Exchange Act of 1934, the required method of calculating damages is rescission. *See* RCW 21.20.430(1) (requiring

calculation of damages via rescission under the Washington Securities Act); *Blackie v. Barrack*, 524 F.2d 891, 909 (9th Cir. 1975) (stating that court may "apply a rescissory measure" under appropriate circumstances regarding a Securities Exchange Act claim).

The court finds that rescission is appropriate here because it undoes the transactions and takes the Plaintiffs back to the place they would be had they never invested their money with the Defendants. Because some of the Plaintiffs did receive payments from Defendants, the Plaintiffs have submitted evidence showing, for each Plaintiff, how much money they deposited, how much they received back (if any), to arrive at a total owing. *See* Declarations (Dkt. ## 22-32).

The court also finds that the Plaintiffs are entitled to interest on the amount of damages from the date of each deposit, under the Washington Securities Act. *See* RCW 21.20.430(1) (setting interest rate at 8%). The Plaintiffs have submitted evidence calculating the amount of interest owed, based on the timing of each Plaintiff's deposits and payments. *See* Declarations (Dkt. ## 22-32).

Furthermore, the court finds that the Plaintiffs are entitled to recover attorney fees and costs under the Washington Securities Act and the Washington Consumer Protection Act. *See* RCW 21.20.430; RCW 19.86.090. Plaintiffs' counsel has submitted evidence to support the reasonableness of an attorney fee and cost award totaling $17, 934. *See* Youtz Decl. (Dkt. # 21).

## III. SUMMARY OF JUDGMENT

1. Judgment Creditors: Donald and Mary K. Burdick, Susan Byington, Lisa Carfagno, Peter and Janice Elliot, Bernard E. Goldberg, Paul E. Golstein, Tom and LaVoe Mulgrew, Susan Rosen, Martin Silverman, Sharon Silverman, Barry and Robin Stuck[1]

2. Judgment Debtors: Enrique F. Villalba; the marital community of Enrique F. Villalba and Michelle Villalba; Hubrid Money Market Management, Ltd.; Money Market Alternatives, Inc.; Money Market Alternative, L.P.; Rico Latte; Rico Latte II, LLC; Villalba Management, LLC

3. Principal Judgment: $13,393,650.67

4. Interest to Date of Judgment: $6,669,053.22

5. Attorney's Fees and Costs: $17,934

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for default judgment (Dkt. # 20) is GRANTED. It is ORDERED that Plaintiffs are awarded a default judgment against all Defendants in the principal amount of $13,393,650.67, interest in the amount of $6,669,053.22, attorney fees and costs in the amount of $17,934, for a total amount owing of $20,080,637.89. Post-judgment interest shall accrue as per 28 U.S.C. § 1961.

DATED this 1st day of November, 2010.

[signature]

The Honorable Richard A. Jones
United States District Judge

[1] The totals awarded to each Plaintiff are detailed in the chart found at Youtz Decl. (Dkt. # 21), Ex. A.